# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALLBROOK HOSPITAL CORPORATION,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE (CNA/NNOC), AFL-CIO<br><br>                    Defendant. | CASE NO. 13cv1233-GPC(WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 6.] |

Before the Court is Defendant California Nurses Association/National Nurses Organizing Committee's ("CNA/NNOC") motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6). (Dkt. No. 6.) Plaintiff Fallbrook Hospital Corporation d/b/a Fallbrook Hospital filed an opposition and Defendant filed a reply. (Dkt. Nos. 8 & 9.) After a review of the briefs, supporting documentation, and applicable law, the Court GRANTS Defendant's motion to dismiss.

## Background

Plaintiff Fallbrook Hospital operates an acute care hospital in Fallbrook, California. (Dkt. No. 3, FAC ¶ 5.) Defendant CNA/NNOC is a labor organization and was certified by the NLRB on May 24, 2012 as the exclusive collective bargaining

representative of registered nurses employed by Fallbrook Hospital. (Id. ¶ 7.) Plaintiff brings this action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.* against Defendant for failing to comply with an agreement to submit all unresolved disputes to final and binding arbitration.

According to the First Amended Complaint, in April 2012, the parties entered into an agreement ("Agreement") to certain terms concerning "rules of conduct to govern the Parties during the course of organizing on the part of the CNA/NNOC among the Registered Nurses employed by Fallbrook Hospital, and to govern the conduct of any collective bargaining negotiations which might ensue between the Parties arising out of such organizing activity on the part of the CNA/NNOC." (Id. ¶ 12.) The Agreement was intended to facilitate professional and respectful collective bargaining negotiations. (Id.) The parties agreed to submit any unresolved disputes relating to the compliance with or construction of the Agreement to final and binding arbitration. (Id. ¶ 16.)

Around April 12, 2012, the CNA/NNOC began organizing among the registered nurses at Fallbrook Hospital and derived the full benefit of the Agreement. (Id. ¶ 13.) On May 16, 2012, pursuant to the terms of the Agreement, the NLRB conducted a secret ballot election among registered nurses at Fallbrook Hospital. (Id. ¶ 14.) On May 24, 2012, the NLRB certified the CNA/NNOC as the exclusive collective bargaining representative of registered nurses employed by Fallbrook Hospital. (Id.)

Around June 12, 2012, pursuant to the terms of the Agreement, the parties began collective bargaining negotiations toward an initial collective bargaining agreement. (Id. ¶ 15.) However, the CNA/NNOC breached the Agreement in June 2012, when the CNA/NNOC filed two charges of unfair labor practices with the National Labor Relations Board ("NLRB") relating to conduct of collective bargaining between the parties instead of submitting the disputes to arbitration. (Id. ¶ 17 .) Plaintiff alleges causes of action for breach of contract (damages), breach of contract (specific performance), and declaratory judgment.

**A.     Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**[1]

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of

---

[1] Defendant also moves to dismiss based on lack of subject matter jurisdiction based on the lack of existence of a contract under Section 301 of the LMRA. This issue is the basis of the Court's subject matter jurisdiction as well as disputed facts on the merits. It is inappropriate for the Court to make a jurisdictional finding of genuinely disputed facts when jurisdictional and substantive issues are intertwined such that the question of jurisdiction is dependent on resolving factual issues going to the merits. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039-40 (9th Cir. 2004) (subject matter jurisdiction issue, involving intertwined jurisdictional and substantive issues, had to be converted to a motion for summary judgment). Since the motion can be resolved on a Rule 12(b)(6) without converting it to a motion for summary judgment, the Court addresses the Rule 12(b)(6) motion.

1 the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

2   Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

  Defendant argues that the FAC does not allege a clear and mistakable waiver of the right to file unfair labor practice charges to vindicate the statutory rights of CNA/NNOC members. In addition, it asserts that Plaintiff's allegation that the CNA/NNOC breached the alleged Agreement is conclusory and does not provide what specific provisions of the Agreement were breached. Plaintiff argues that it has sufficiently stated facts to assert a claim.[2]

  There is a statutory right to bring unfair labor practice charges before the NLRB. Hospital of Barstow, Inc. v. CNA/NNOC, No. ED CV 13-1063(CAS)(DTBx), 2013 WL 4590973, at *4 (C.D. Cal. Aug. 26, 2013)[3] (citing Nash v. Fla. Indus. Comm'n, 389 U.S. 235, 238 (1967) (noting that it is unlawful for an employer to "seek to restrain an employee in the exercise of his right to file charges"); see Isla Verde Hotel Corp., v. N.L.R.B., 702 F.2d 268, 272 (1st Cir. 1983). In Wright, the United States Supreme Court held that a collective bargaining agreement waives the right of a union member to pursue employment-related statutory claims in court only when the waiver of those

---

[2] While Plaintiff opposes the argument that they have sufficiently alleged the provisions of the Agreement to provide notice about the claims, it cites to documents outside the FAC, to assert the provisions of the alleged oral agreement. While both parties do not object to the Court converting the motion to dismiss to a motion for summary judgment, the Court declines to do so at this stage of the proceedings and only considers the pleading.

[3] Hospital of Barstow is an almost identical case as the instant case filed in the Central District of California. See Hospital of Barstow, Inc., 2013 WL 4590973. Barstow Hospital, like Plaintiff, is a subsidiary of Community Health Systems Profession Services Corporation ("CHS").

1  rights is "clear and unmistakable." Wright v. Universal Martime Serv. Corp., 525 U.S.
2  70, 75, 80 (1998) (holding that arbitration clause which provided for arbitration of
3  "[m]atters under dispute," was not sufficiently clear to waive a union member's right
4  to file a claim under the ADA in a federal district court.)  A waiver of a statutory right
5  must be "clear and unmistakable." Id. at 80.  The Court also stated that any collective
6  bargaining agreement requirement to arbitrate must be particularly clear. Id. at 79.

7        The First Amended Complaint contends that the parties agreed to submit all
8  disputes "relating to compliance with or construction of the Agreement – including
9  disputes related to the conduct of any collective bargaining negotiations which might
10 ensue between the Parties . . . to final and binding arbitration before a permanent
11 Arbitrator." (Dkt. No. 3, FAC ¶ 16.)  The Agreement "provided that the parties would
12 work together to resolve disagreements and disputes through direct discussion and
13 arbitration, rather than through appeal to outside persons, agencies, organizations, or
14 authorities." (Id.)  These allegations do not assert the existence of a valid waiver of
15 Defendant's right to bring charges before the NLRB.  See Hospital of Barstow, 2013
16 WL 4590973, at *5 (similar language held to not rise to the level of a "clear and
17 mistakable" waiver of Defendant's statutory right to bring unfair labor practice charges
18 before the NLRB).  Therefore, the Court GRANTS Defendant's motion to dismiss the
19 first cause of action for breach of contract for failure to state a claim for relief.

20       As to the second cause of action for breach of contract (specific performance),
21 Plaintiff alleges that Defendant's breach of the agreement is preventing Plaintiff from
22 carrying out its responsibilities as described in the Agreement to negotiate an initial
23 collective bargaining agreement pursuant to the standards of bargaining by the
24 Agreement. (Dkt. No. 3, FAC ¶ 27.)  Besides the alleged provision that any disputes
25 would be resolved by final and finding arbitration, the FAC does not provide specific
26 terms of the contract that have been allegedly breached.  Therefore, Plaintiffs have not
27 provided Defendant with  "a short and plain statement of the claim showing that the
28 pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Accordingly, the Court GRANTS

Defendant's motion to dismiss the second cause of action for failure to state a claim.

Defendant also moves to dismiss the third cause of action for declaratory judgment because Plaintiff has cited no independent basis for obtaining declaratory relief in this case. Since the Court dismisses the underlying claims, the Court also GRANTS Defendant's motion to dismiss the declaratory judgment cause of action.

### Conclusion

Based on the above, the Court GRANTS Defendant's motion to dismiss without prejudice. The Court also DENIES Defendant's request for judicial notice. Plaintiff shall be granted leave to file a second amended complaint within twenty one (21) days of the filed date of this Order. The hearing date for September 27, 2013 shall be vacated.

IT IS SO ORDERED.

DATED: September 23, 2013

HON. GONZALO P. CURIEL
United States District Judge