1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALLBROOK HOSPITAL CORPORATION, | CASE NO. 13cv1233-GPC(WVG) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| vs. | |
| CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE (CNA/NNOC), AFL-CIO | [Dkt. No. 12.] |
| Defendant. | |

Before the Court is Defendant California Nurses Association/National Nurses Organizing Committee's ("CNA/NNOC" or "CNA") motion to dismiss the second amended complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. No. 12.) Plaintiff Fallbrook Hospital Corporation d/b/a Fallbrook Hospital filed an opposition and Defendant filed a reply. (Dkt. Nos. 14 & 15.) The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Based on the analysis below, the Court GRANTS Defendant's motion to dismiss.

## Background

Plaintiff Fallbrook Hospital operates an acute care hospital in Fallbrook, California. (Dkt. No. 11, SAC ¶ 5.) Defendant CNA/NNOC is a labor organization

[13cv1233-GPC(WVG)]

and was certified by the National Labor Relations Board ("NLRB") on May 24, 2012 as the exclusive collective bargaining representative of registered nurses employed by Fallbrook Hospital.  (Id. ¶ 7.)  Plaintiff brings this action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.* against Defendant for failing to comply with an oral bargaining agreement to submit all unresolved disputes to final and binding arbitration.  It alleges causes of action for breach of contract and seeks relief in the forms of damages, specific performance and declaratory relief.

According to the second amended complaint, in March 2012, the parties met to discuss an agreement between Fallbrook Hospital and the CNA "which would define certain terms and conditions to govern any organizing which might be conducted by the CNA among Registered Nurses employed by Fallbrook, and which would define a framework for the negotiation of an initial collective bargaining agreement in the event the CNA was certified by the NLRB as the exclusive collective bargaining agent for Fallbrook's Registered Nurses."  (Dkt. No. 11, SAC ¶ 14.)  At the meeting, the parties entered into a proposed labor relations agreement ("proposed LRA")[1] where the parties agreed to submit any unresolved disputes about compliance with or construction of the Agreement exclusively to final and binding arbitration.[2]  (Id. ¶ 15.)  They also agreed that they would work together to resolve issues through direct discussion and exclusive arbitration, instead of through appeal to outside persons, agencies, organizations or authorities.  (Id.)  Written drafts of the proposed LRA were then

---

[1]In its motion, Defendant seeks to incorporate the proposed LRA into the SAC as it is extensively referred to in the SAC.  Plaintiff opposes arguing that the proposed LRA and the oral collective bargaining agreement are two distinct agreements and the proposed LRA does not serve a basis for Plaintiff's claim.  The only reference in the SAC to the proposed LRA is that the parties orally agreed to abide by four provision in the proposed LRA.  Based on Plaintiff's opposition and the fact that the SAC does not rely on the proposed LRA as a basis for its claims, the Court DENIES Defendant's request to incorporate the proposed LRA into the SAC.

[2]According to Plaintiff, this allegation does not support its argument that Defendant "clearly and unmistakably" waived its right because the oral CBA is distinct from the proposed LRA.

exchanged between the parties.  (Id. ¶ 17.)

On April 12, 2012, in a telephone conversation between Don Carmody, Fallbrook's representative, who is also an attorney, and Jane Lawhon, legal counsel for the CNA, the parties expected the proposed LRA to be executed once the parties completed exchanging comments regarding minor modifications.  (Id. ¶ 24.)  In that conversation, Carmody suggested, and Lawhon agreed, that the parties should simply orally agree to apply the terms memorialized in the most recent written draft copy of the proposed LRA with respect to the following terms: "a) the CNA's service of a 'Notice of Intent to Organize' the Registered Nurses employed by Fallbrook; b) the CNA's subsequent organizing activity at Fallbrook; c) the filing of a petition for an election with, and the conduct of a secret ballot election by, the National Labor Relations Board (NLRB), and d) the negotiation of an initial collective bargaining agreement in the event the CNA won an election and was certified by the NLRB, including the standard of the conduct of bargaining between the Parties as specified on page 5, Section 4(a)(2) of the Proposed LRA."  (Id. ¶ 25.)

The SAC alleges that the CNA agreed to a standard that would apply to the parties' negotiations of a collective bargaining agreement ("CBA") and that the negotiations would be governed by a private standard developed by the parties, and not by any outside law and a private arbitrator would hold the exclusive jurisdiction to decide whether the CNA or Fallbrook had violated the agreed upon standard.  (Id. ¶ 26.)  Pursuant to the terms and conditions of the oral CBA, the parties waived their right to resolve any dispute by filing an unfair labor practice charge with the NLRB and all disputes would be submitted directly to the arbitrator.  (Id. ¶ 27.)

To demonstrate that the parties were in compliance with the terms and conditions of the oral CBA, Plaintiff points to numerous instances where the parties conducted and complied with the terms and conditions of the oral CBA.  (Id. ¶ 32.)  Moreover, from April 12, 2012 until September 26, 2012, Plaintiff claims that the CNA sought to resolve all disputes through the oral CBA's dispute resolution procedure and presents

[13cv1233-GPC(WVG)]

two examples where the CNA presented disputes to an arbitrator.  (Id. ¶¶ 33, 34.)

In addition, the SAC alleges that on July 3, 2012, the parties participated in a bargaining session pursuant to the oral CBA when a dispute arose.  (Id. ¶¶ 36, 38.)  Mr. Carmody stated that when he told Matthews, the CNA representative, that he could take the matter to binding arbitration in compliance with the terms of the oral CBA, Matthews did not state any disagreement that arbitration was the parties' agreed upon forum.  (Id. ¶ 42.)  Matthews ultimately filed an unfair labor practice charge against Falbrook with the NLRB in July 2012.  (Id. ¶¶ 43, 44.)  Plaintiff complains that Defendant breached the oral CBA agreement by filing a ULP charge with the NLRB.

**A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim

1   entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.

2   2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as

3   true all facts alleged in the complaint, and draws all reasonable inferences in favor of

4   the plaintiff.  al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

5        Where a motion to dismiss is granted, "leave to amend should be granted 'unless

6   the court determines that the allegation of other facts consistent with the challenged

7   pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc.,

8   957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well

9   Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to

10  amend would be futile, the Court may deny leave to amend.  See Desoto, 957 F.2d at

11  658; Schreiber, 806 F.2d at 1401.

## B.   Allegations as to Waiver of Statutory Right

13       Defendant moves to dismiss arguing that the SAC does not allege a "clear and

14  unmistakable" waiver of the right to file unfair labor practice charges with the NLRB.

15  Plaintiff argues that Defendant has incorrectly interpreted "clear and unmistakable"

16  standard.

17       There is a statutory right to bring unfair labor practice charges before the NLRB.

18   Hospital of Barstow, Inc. v. CNA/NNOC, No. ED CV 13-1063(CAS)(DTBx), 2013

19  WL 4590973, at *4 (C.D. Cal. Aug. 26, 2013) (citing Nash v. Fla. Indus. Comm'n, 389

20  U.S. 235, 238 (1967) (noting that it is unlawful for an employer to "seek to restrain an

21  employee in the exercise of his right to file charges"); see Isla Verde Hotel Corp., v.

22  N.L.R.B., 702 F.2d 268, 272 (1st Cir. 1983).  In Wright, the United States Supreme

23  Court held that a collective bargaining agreement waives the right of a union member

24  to pursue employment-related statutory claims in court only when the waiver of those

25  rights is "clear and unmistakable." Wright v. Universal Martime Serv. Corp., 525 U.S.

26  70, 75, 80 (1998) (holding that arbitration clause which provided for arbitration of

27  "[m]atters under dispute," was not sufficiently clear to waive a union member's right

28  to file a claim under the ADA in a federal district court.)  A waiver of a statutory right

must be "clear and unmistakable." Id. at 80. The Court also stated that any collective bargaining agreement requirement to arbitrate must be particularly clear. Id. at 79.

"[A] knowing waiver does not occur where neither the arbitration clause nor any other written employment agreement expressly put the plaintiffs 'on notice that they were bound to arbitrate [employment discrimination] claims.'" Renteria v. Prudential Ins. Co. of Am., 113 F.3d 1104, 1108 (9th Cir. 1997) (quoting Prudential Ins. Co. of Am. v. Lai, 42 F.3d 1299, 1305 (9th Cir. 1994)). "[A] collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009) (CBA required union members to submit all claims of employment discrimination to binding arbitration under the grievance and dispute resolution procedure.") The determination of whether statutory rights are subject to grievance procedures contained in a collective bargaining agreement is a question of law for the Court. See Collins v. Lobdell, 188 F.3d 1124, 1127 (9th Cir. 1999).

First, Plaintiff contends that the clear and unmistakable standard has not been used to examine whether or not a party has agreed to waive its right to file unfair labor practices ("ULP") charges before the NLRB but instead used to determine if parties agreed to waive their rights to bargain over a mandatory subject of bargaining. Defendant asserts that the ULP filed with the NLRB alleged that Fallbrook violated specific statutory provision, namely sections 8(a)(1) and (5), of the NLRA, which are mandatory subjects of bargaining. The Court agrees with Defendant. Plaintiff filed an ULP before the NLRB based on sections 8(a)(1) and (5).[3] Therefore, the clear and unmistakable standard applies.

Second, Plaintiff contends that even if the Court applies the clear and

---

[3]Section 8(a)(1) provides that it "shall be an unfair labor practice for an employer (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title." 29 U.S.C. § 158(a)(1). Section 8(a)(5) states that it "shall be an unfair labor practice for an employer (5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title." 29 U.S.C. § 158(a)(5).

[13cv1233-GPC(WVG)]

unmistakable waiver standard, the SAC satisfies the Rule 12(b)(6) standard.  It asserts that a waiver of statutory rights may be evidenced by the parties' conduct and bargaining history and cites to <u>Local Joint Executive Bd. of Las Vegas v. NLRB</u>, 540 F.3d 1072, 1079 (9th Cir. 2008); and <u>NLRB v. United Techs. Corp.</u>, 884 F.2d 1569, 1575 (2d Cir. 1989).  Defendant opposes.

In the SAC, Plaintiff asserts that CNA's past conduct clearly and unmistakably demonstrates that it knowingly waived its right to file charges with the NLRB.  (Dkt. No. 11, SAC ¶¶ 32(g),33, 34, 35, 42.)  These allegations assert that CNA arbitrated or intended to arbitrate certain disputes with an arbitrator.  Based on CNA's past conduct, this confirmed the parties' agreement to submit all disputes, including those that would otherwise be the basis of a ULP charge, to binding arbitration.

In <u>Local Joint Executive Bd. of Las Vegas</u>, the Ninth Circuit noted that the standard for waiving statutory rights is high.  <u>Local Joint Executive Bd. of Las Vegas</u>, 540 F.3d at 1079.  It is the employer's burden to show that the contractual waiver is "'explicitly stated, clear and unmistakable.'" <u>Id.</u> (citations omitted).  The waiver may be demonstrated by bargaining history but requires "the matter at issue to have been fully discussed and consciously explored during negotiations and the union to have consciously yielded or clearly and unmistakably waived its interest in the matter." <u>Id.</u>

In addition, in <u>United Techs. Corp.</u>, the Second Circuit stated that because federal labor policy disfavors waivers of statutory rights by union, the waiver must be clear and unmistakable.  <u>United Techs. Corp.</u>, 884 F.2d 1569, 1575 (2d Cir. 1989).  "Such waiver may be found in an express provision in the parties' collective bargaining agreement, or by the conduct of the parties, including their past practices and bargaining history, or by a combination of the two."  <u>Id.</u> (citations omitted).  "Bargaining history and past practices-if taken alone-may establish waiver of a mandatory bargaining subject when the matter was thoroughly aired in past negotiations and the union 'consciously yielded' its rights in the matter." <u>Id.</u> (citations omitted).

1    In line with <u>Wright</u>, whether through a written CBA or past conduct by the

2  parties, Plaintiff must demonstrate that the CNA consciously yielded its statutory rights

3  in the matter.  <u>See</u> <u>Local Joint Executive Bd. of Las Vegas</u>, 540 F.3d at 1079.

4    Here, the fact that the parties previously participated in telephonic arbitration

5  proceedings or intended to pursue arbitration in order to resolve a dispute does not

6  sufficiently allege that Defendant clearly and unmistakably waived its right to assert

7  ULP claims with the NLRB.  (<u>See</u> Dkt. No. 11, SAC ¶¶ 32(g), 33, 34.)  Moreover, a

8  general, conclusory allegation that the CNA sought to resolve disputes "only through

9  the Parties' exclusive Dispute Resolution Procedure" is not sufficient to demonstrate

10  a waiver.  (<u>See</u> Dkt. No. 11, SAC ¶ 35.)  Lastly, Plaintiff also alleges that at one

11  meeting, when Mr. Carmody stated that the parties had a dispute and that if Stephen

12  Matthews, the Chief Spokesperson for the CNA, was not happy, he could take the

13  matter to binding arbitration, in compliance with the terms of the oral CBA, Matthews

14  did not state any disagreement.  (<u>Id.</u> ¶¶ 36, 42.)  The fact that Matthews did not object

15  does not demonstrate a "clear and unmistakable" waiver.  The allegations in the SAC

16  are either ambiguous or not sufficient to allege that Defendant "clearly and mistakably"

17  waives its statutory right to file a claim with the NLRB.  They do not allege that the

18  matter was thoroughly aired in past negotiations and the union consciously yielded its

19  rights in the matter.  <u>See</u> <u>Local Joint Executive Bd. of Las Vegas</u>, 540 F.3d at 1079.

20    Moreover, the Court has not found and Plaintiff has cited no cases where an

21  initial CBA can be made orally.  The cases cites by Plaintiffs concern oral agreements

22  modifying a written collective bargaining agreement.  <u>See</u> <u>Certified Corp. v. Hawaii</u>

23  <u>Teamsters and Allied Workers, Local 996, IBT</u>, 597 F.2d 1269, 1271 (9th Cir. 1979)

24  (a "written collective bargaining agreement can be orally modified."); <u>In re Dittmar</u>,

25  618 F.3d 1199 (10th Cir. 2010); <u>Capitol-Husting Co. v. NLRB</u>, 671 F.2d 237, 243 (7

26  Cir. 1982) (employer and union had an initial written contract which was later orally

27  modified after the initial contract expired).  Plaintiff has not demonstrated that an initial

28

collective bargaining agreement can be oral.[4]

Alternatively, even if there was an oral collective bargaining agreement, the only provisions Plaintiff alleges the parties orally agreed to were the four terms of the proposed LRA which included the following: "a) the CNA's service of a "Notice of Intent to Organize" the Registered Nurses employed by Fallbrook; b) the CNA's subsequent organizing activity at Fallbrook; c) the filing of a petition for an election with, and the conduct of a secret ballot election by, the National Labor Relations Board (NLRB), and d) the negotiation of an initial collective bargaining agreement in the event the CNA won an election and was certified by the NLRB, including the standard of the conduct of bargaining between the Parties as specified on page 5, Section 4(a)(2) of the Proposed LRA." (Dkt. No. 11, SAC ¶ 25.) Section 4(a)(2) discusses conduct for a productive and respectful bargaining process but does not address waiver of any statutory rights. These provision that both parties allegedly specifically agreed to do not address arbitration or waiver of statutory rights.

Accordingly, the allegations in the second amended complaint do not sufficiently assert the existence of a valid waiver of Defendant's right to bring charges before the NLRB. Therefore, the breach of contract fails to state a claim as well as the relief it seeks for damages, specific performance and declaratory relief. Accordingly, the Court GRANTS Defendant's motion to dismiss the SAC for failure to state a claim for relief.[5]

---

[4]The Court notes that in the related case, 13cv1159-GPC(WVG), concerning a petition for temporary injunction pursuant to 10(j) of the NLRA, the Court granted Petitioner's motion for temporary injunction and noted that the ALJ concluded that since there was no collective bargaining agreement, there can be no arbitration clause. (Case No. 13cv1159-GPC(WVG), Dkt. No. 17.)

[5]The Court notes that in a very similar case involving the Hospital of Barstow, the United States District Court for the Central District of California granted Defendant's motion to dismiss the SAC with prejudice. See Hosp. of Barstow v. California Nurses Ass'n/National Nurses Organizing Committee, No. EDCV 13-1063 CAS (DTBx), 2013 WL 6095559 (C.D. Cal. Nov. 18,. 2013). The Court held that not only did the complaint fail to state a claim but even if plaintiff had alleged facts establishing a waiver of defendant's right to file ULP charges before the NLRB, plaintiff failed to state a claim for breach of the alleged oral collective bargaining agreement because the statutory right for relief before the NLRB cannot be foreclosed

1

**Conclusion**

2   Based on the above, the Court GRANTS Defendant's motion to dismiss.   While

3 Defendant requests that the Court grant the motion to dismiss without leave to amend,

4 the Court shall grant Plaintiff one last chance to cure the deficiencies in the pleadings.

5 Plaintiff shall be granted leave to file a third amended complaint within twenty one (21)

6 days of the filed date of this Order.   The hearing date set for February 21, 2013 shall

7 be **vacated**.

8   IT IS SO ORDERED.

9 DATED: February 19, 2014

10

HON. GONZALO P. CURIEL
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

by private contract.  Id. at * 7 (citing Lodge 743, Int'l Ass'n of Machinists v. United Aircraft Corp., 337 F.2d 5, 8 (2d Cir. 1964)).  The Court declines to discuss this issue as it was not briefed by the parties.

[13cv1233-GPC(WVG) ]