1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| FALLBROOK HOSPITAL CORPORATION, | CASE NO. 13cv1233-GPC(WVG) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |
| vs. | |
| CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES ORGANIZING COMMITTEE (CNA/NNOC), AFL-CIO | [Dkt. No. 29.] |
| Defendant. | |

11
12
13
14
15
16
17
18
19
20
21
22
23

Before the Court is Defendant California Nurses Association/National Nurses Organizing Committee ("CNA")'s motion for attorney's fees. (Dkt. No. 29.) Plaintiff Fallbrook Hospital Corporation d/b/a Fallbrook Hospital filed an opposition and Defendant filed a reply. (Dkt. Nos. 37 & 38.) After a review of the briefs, supporting documentation and the applicable law, the Court DENIES Defendant's motion for attorney's fees.

24

## Background

25
26
27
28

Plaintiff Fallbrook Hospital operates an acute care hospital in Fallbrook, California. Defendant CNA represents employees working at Fallbrook Hospital and is a labor organization. On May 23, 2013, Plaintiff filed a complaint against Defendant seeking declaratory judgment that the parties agreed to submit any disputes related to

their collective bargaining negotiations or the agreement to arbitration rather than to any outside entity or agency such as the National Labor Relations Board ("NLRB"). (Dkt. No. 1.)  On May 30, 2013, Plaintiff filed a first amended complaint ("FAC") adding causes of action for breach of contract and specific performance. (Dkt. No. 3.) On June 24, 2013, Defendant filed a motion to dismiss for lack of jurisdiction and failure to state a claim.  (Dkt. No. 6.)  On September 23, 2013, the Court granted Defendant's motion to dismiss the first amended complaint and granted Plaintiff leave to amend.  (Dkt. No. 10.)  On October 15, 2013, Plaintiff filed a second amended complaint ("SAC") alleging breach of contract, specific performance and declaratory judgment. (Dkt. No. 11.) On November 5, 2013, Defendant filed a motion to dismiss for failure to state a claim. (Dkt. No. 12.) On February 19, 2014, the Court granted Defendant's motion to dismiss second amended complaint with leave to amend.  (Dkt. No. 19.)  On March 11, 2014, Plaintiff filed a third amended complaint ("TAC") for breach of contract, specific performance and declaratory judgment. (Dkt. No. 20.) On April 1, 2014, Defendant filed a motion to dismiss for failure to state a claim.  (Dkt. No. 23.) On June 19, 2014, the Court granted Defendant's motion to dismiss the third amended complaint with prejudice. (Dkt. No. 27.) Judgment was entered in this case on the same date. (Dkt. No. 28.) On July 21, 2014, Plaintiff filed a notice of appeal. (Dkt. No. 31.)

On July 3, 2014, Defendant filed a motion for attorney's fees. (Dkt. No. 29.) Plaintiff filed an opposition on August 8, 2014. (Dkt. No. 37.) Defendant filed a reply on August 15, 2014. (Dkt. No. 38.)

## A.    Attorney's Fees

There are three sources of authority to allow courts to sanction parties or their lawyers for improper conduct: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiples the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Defendant seeks an award of attorney's fees in the amount of $41,840.00 pursuant to the Court's inherent sanctioning power and pursuant to 28 U.S.C. § 1927. Defendant alleges that Plaintiff has acted in bad faith throughout this frivolous litigation and unreasonably multiplied the litigation.  It argues that Fallbrook Hospital made numerous misrepresentations that are intentionally false and misleading.  Plaintiff opposes and disputes Defendant's factual and legal allegations.

**1.     Court's Inherent Powers**

A court has the inherent power to assess attorneys' fees for "willful disobedience of a court order . . . or when the losing part has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980).  Due to its potency "inherent powers must be exercised with restraint and discretion." Chambers v. Nasco, 501 U.S. 32, 44 (1991).  In reviewing Supreme Court authority, under Roadway Express and Chambers v. NASCO, Inc., the Ninth Circuit held that "the district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." Fink, 239 F.3d at 992.  This also includes "willful abuse of judicial processes." Id.

A specific finding of bad faith is required for inherent power sanctions while recklessness, without more, does not justify inherent power sanctions. Id. at 993; see also Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir.1993) (quoting United States v. Stoneberger, 805 F.2d 1391, 1393 (9th Cir.1986)); accord Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989) ("To insure that restraint is properly exercised, we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power.")  Recklessness combined with an additional factor, such as frivolousness, harassment, or an improper purpose, can justify inherent power sanctions. Fink, 239 F.3d at 993.

A party may demonstrate bad faith "by delaying or disrupting the litigation or hampering enforcement of a court order." Primus Auto Fin. Servs. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997).  In addition, a court may assess attorneys' fees when the

litigation is perceived to have been brought in bad faith to harass or vex a party. Sheetmetal Workers Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Arizona, 84 F.3d 1186 (9th Cir. 1996).

In one case, inherent sanctions were warranted where the party being sanctioned submitted misleading information to the court by omitting the second page of an exhibit to the verified complaint that would exonerate defendants from the wrongdoings alleged in the complaint and was done in bad faith since the page was available prior to the lawsuit being filed. Nanak Fdn. Trust v. GMAC Mort., LLC, No. C-12-5647 EMC, 2012 WL 5818284, at *4 (N.D. Cal. Nov. 15, 2012).

Misstatements of both fact and law can support sanctions based on the court's inherent power. Stone, Inc. v. Greenberg Traurig, LLP, 2011 WL 995930 (D. Az. Mar. 21, 2011). In Stone, Inc., Plaintiff misrepresented holdings of cases in its brief and at oral argument, made further misrepresentations of holdings of certain cases and while it alleged to have filed a proof of claim in the bankruptcy proceedings, it did not file such a claim. Stone, Inc., 2011 WL 995930, at *3-4. Then, within a day of the hearing, Plaintiff filed a voluntary notice of dismissal after multiple defendants were required to brief two rounds of motions to dismiss and prepare for an oral argument requested solely by Plaintiff. Id. at 4. Moreover, Plaintiff filed unsupported allegations and further misstatements of law and fact in response to the OSC why sanctions should not issue Id. The court concluded that these actions constitute an improper effort to mislead the court and opposing counsel, and constitute bad faith. Id. at 6. The court granted an award of attorney's fees as sanctions pursuant to the Court's inherent powers.

Defendant argues that Plaintiff's counsel filed a frivolous action which is demonstrated by Plaintiff changing the basis of its allegation of an "agreement" between Plaintiff and Defendant. Plaintiff's conduct was subject to an injunction proceeding in a related case, Garcia v. Fallbrook Hosp. Corp., Case No. 13cv1159-GPC(WMC). In that case, Fallbrook Hospital represented that the CNA and Fallbrook

[13cv1233-GPC(WVG) ]

Hospital were parties to an agreement that required the parties to submit any unresolved disputes to final, binding and exclusive arbitration with an implication that the agreement was in writing.  In opposition to the injunction proceeding, the affidavit provided by Fallbrook Hospital states that the parties were "signatories" to a labor relations agreement.  (Case No. 13cv1159-GPC(WVG), Dkt. No. 12-3 at 2.)   In addition, the affidavit stated "I do not have a physical copy of the quoted provision of the labor agreement with me at this time, but I have allowed the Board Agent to view an electronic copy for purposes of this affidavit."  (Case No. 13cv1159-GPC(WVG), Dkt. No. 12-3 at 4.)  Defendant views this as an allegation by Fallbrook Hospital that there was a written labor relations agreement while Plaintiff argues that his affidavit does not state that the parties had a written agreement and that "depending on the circumstances, a document may constitute a written agreement or, as was the case here, may be evidence of another form of contract that took shape and bound the parties." (Dkt. No. at 37 at 15.)  For Fallbrook, the important question was not whether the agreement was written or oral, but when the agreement took effect, along with its terms.  (Id.)

Subsequently, in filing the complaint in this case, the CNA alleges Plaintiff changed its position and now argues that the alleged agreement was not based on a written agreement but rather an oral agreement reached during a phone conference between Don Carmody, Fallbrook Hospital's representative, and Jane Lawhon, CNA's legal counsel on April 12, 2012.  (Dkt. No. 8, Carmody Aff. ¶ 9.)  Then, the SAC alleged an oral collective bargaining agreement vesting an arbitrator with the sole and exclusive jurisdiction to resolve all disputes arising in connection with the CBA including the conduct of the parties during bargaining.  (Dkt. No. 11.)  Then in the third amended complaint, Plaintiff alleged an implied-in-fact contract to submit any disputes to arbitration.  (Dkt. No. 27.)

The Ninth Circuit has held that there is nothing in the Federal Rules of Civil Procedure preventing a party from filing "successive pleadings that make inconsistent

[13cv1233-GPC(WVG) ]

or even contradictory allegations." <u>PAE Gov't Servs., Inc. v. MPRI, Inc</u>., 514 F.3d 856, 860 (9th Cir. 2007) (reversing court's order striking allegations in amended complaint that were inconsistent from original complaint).  However, if a party has brought the inconsistent or contradictory allegations in bad faith, a party may seek relief through § 1927 or the court's inherent authority.  <u>Id.</u>  As the court explained,

> At the time a complaint is filed, the parties are often uncertain about the facts and the law; and yet, prompt filing is encouraged and often required by a statute of limitations, laches, the need to preserve evidence and other such concerns. In recognition of these uncertainties, we do not require complaints to be verified, <u>see</u> Fed. R. Civ. P. 11(a), and we allow pleadings in the alternative—even if the alternatives are mutually exclusive. As the litigation progresses, and each party learns more about its case and that of its opponents, some allegations fall by the wayside as legally or factually unsupported. This rarely means that those allegations were brought in bad faith or that the pleading that contained them was a sham. Parties usually abandon claims because, over the passage of time and through diligent work, they have learned more about the available evidence and viable legal theories, and wish to shape their allegations to conform to these newly discovered realities. We do not call this process sham pleading; we call it litigation.

<u>Id.</u> at 858-59.

In this case, while Plaintiff brought inconsistent allegations as to the creation of a legally enforceable agreement between Fallbrook Hospital and the CNA, the basis of its complaint has been consistent.  Plaintiff alleges that the parties agreed on certain terms in April 2012 which included that the parties agreed to submit any unresolved disputes about compliance with or construction of the agreement to final and binding arbitration.  Fallbrook Hospital acknowledges "while that there may be some debate as to the precise nature or terms of the parties agreement, there can be no reasonable dispute as to the existence of an agreement between Fallbrook and the Union." (Dkt. No. 37 at 20.)  Plaintiff has filed successive complaints, with the Court's permission to amend, to present factual allegations to support a legally enforceable agreement.

Defendant disputes the facts of Plaintiff's allegations by presenting a declaration where Lawlon states that according to her phone records, she did not have a phone conversation with Mr. Carmody on or around April 12, 2012 and did not enter into an

[13cv1233-GPC(WVG)]

oral agreement relating to organizing or bargaining.  (Dkt. No. 29-3, Lawhon Decl. 5, 6.)  In opposition, Defendant presents Carmody's telephone bill showing that there was an incoming call on April 12, 2012 from the phone number for the Union's headquarters in Oakland, California.  (Dkt. No. 37 at 95.)  Defendant also presents other exhibits to support the existence of an agreement.  The Court is not in a position to resolve factual disputes and the factual disputes reveal that Defendant has not established that Plaintiff acted in "bad faith."  Therefore, Defendant has not made a showing of "bad faith" on the part of Plaintiff in filing the complaint and successive pleadings.

In addition, Defendant alleges that Fallbrook Hospital's counsel accused defense counsel of "a surprising lack of candor."  (Dkt. No. 8 at 7:5-8.)  The CNA alleges that this comment in Fallbrook Hospital's opposition brief was disparaging the professional ethics of CNA's counsel which is prohibited in the California Bar Association's Rule of Professional Conduct 5-200 and in violation of Local Civil Rule 83.4(a)(2)(a).[1]

Fallbrook Hospital's statement concerning "a surprising lack of candor" concerned the fact that the CNA failed to reference in its motion to dismiss that the FAC is based on an oral CBA and not a written agreement.  The Court does not find that "a surprising lack of candor" constitutes disparaging conduct subject to sanctions.

Accordingly, the Court DENIES Defendant's motion for attorney's fee pursuant to the Court's inherent sanctioning power.

**2.   28 U.S.C. § 1927**

On the same basis, Defendant also moves for attorney's fees under 28 U.S.C. § 1927 which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[1] An attorney appearing before this Court must not "[d]isparage the intelligence, ethics, morals, integrity or behavior of opposing parties or counsel unless such characteristics are at issue."  Civ. Local R. 83.4(a)(2)(a).

28 U.S.C. § 1927. District courts have discretionary authority "to hold attorneys personally liable for excessive costs for unreasonably multiplying proceedings." Gadda v. Ashcroft, 377 F.3d 934, 943 n. 4 (9th Cir. 2004). An attorney who "multiplies the proceedings" may be required to pay the excess fees and costs caused by such conduct. Braunstein v. Arizona Dept. of Transp., 683 F.3d 1177, 1189 (9th Cir. 2012). There must be a showing of the attorney's recklessness or bad faith. Estate of Blas Through Chargualaf v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986).

Sanctions under § 1927 are warranted when attorneys file repetitive motions or generate an extraordinary volume of paperwork in the case. Braunstein, 683 F.3d at 1189. Moreover, in Braunstein, the court also noted that since the district court dismissed the frivolous claim of sovereign immunity under the Eleventh Amendment early in the case, those claims did not "vexatiously multiply the proceedings." Id. at 1189.

In another case, sanctions under § 1927 were imposed because counsel knowingly presented to the Ninth Circuit that the Dole Food company was named in the Judgment, when in fact it was not. In re Girardi, 611 F.3d 1027, 1061 (9th Cir. 2010). While Ninth Circuit cases have not always been clear regarding whether a finding of mere recklessness alone is sufficient to impose a sanction for attorneys' fees under 28 U.S.C. § 1927, or whether there must be a finding of subjective bad faith, "what is clear from the case law is that a finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927 . . .and a finding that the attorneys recklessly raised a *frivolous* argument which resulted in the multiplication of the proceedings is also sufficient. . . ." Id. (emphasis in original) (citations omitted). A "frivolous" filing is one "that is both baseless and made without a reasonable and competent inquiry." Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005).

Even under the standard pursuant to 28 U.S.C. § 1927, the Court concludes that

[13cv1233-GPC(WVG)]

Fallbrook Hospital did not multiply the proceedings unreasonably or vexatiously. While Fallbrook Hospital filed four complaints, the Court granted it leave to amend three of them. Once opportunities to amend the complaint failed, the Court dismissed the case with prejudice. Therefore, Plaintiff's counsel did not "vexatiously multiply the proceedings." See Braunstein, 683 F.3d at 1189. Moreover, inconsistent allegations alleged in successive pleadings do not justify an award of sanctions absent bad faith. See PAE Gov't Servs., Inc., 514 F.3d at 860. The Court DENIES Defendant's motion for attorney's fees pursuant to 28 U.S.C. § 1927.

**B.      Request for Judicial Notice**

Defendant filed a request for judicial notice as to an affidavit filed in the related case of Garcia v. Fallbrook Hosp. Corp., Case No. 13cv1159-GPC(WMC); and the unfair labor practice charge filed by the CNA with Region 21 of the NLRB, Case Nos. 21-CA-090211 and 21-CA-096065. (Dkt. No. 29-2.)

Courts may take judicial notice of documents filed in other court proceedings. Trigueros v. Adams, 658 F.3d 983, 987 (9 Cir. 2011). Here, Plaintiff does not oppose and the Court finds these documents appropriate for judicial notice. Accordingly, the Court GRANTS Defendant's request for judicial notice.

**Conclusion**

Based on the above, the Court DENIES Defendant's motion for attorney's fees. The hearing date set for **September 5, 2014** shall be vacated.

IT IS SO ORDERED.


DATED:  September 4, 2014


HON. GONZALO P. CURIEL
United States District Judge